IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVNIA

JEFFREY M. BROWN,         :     CASE NO. 4:15-cv-00992-MWB-GBC
        Plaintiff,   :
                  :
                  :     (Judge Brann)
    v.                :
                  :
CAROLYN W. COLVIN,    :     (Magistrate Judge Cohn)
COMMISSIONER OF
SOCIAL SECURITY       :
        Defendant.   :

## MEMORANDUM OPINION

November 10, 2016

## I.    Introduction

Jeffrey M. Brown, hereinafter "Plaintiff," commenced this action by filing a complaint on May 21, 2015, which appealed the final decision of the Commissioner of Social Security, hereinafter "Defendant," denying his claim for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act.[1] Magistrate Judge Gerald B. Cohn filed a Report and Recommendation on August 25, 2016, recommending that this Court find that the administrative law judge (ALJ) made the required specific findings of fact in determining whether Plaintiff met the criteria for disability, and that these

---

[1] ECF No. 1.

findings were supported by substantial evidence.[2] Plaintiff timely objected to the

Report and Recommendation on September 12, 2016.[3] Defendant responded to

Plaintiff's objections on September 22, 2016.[4] For the reasons that follow, the

Court will now adopt Magistrate Judge Cohn's Report and Recommendation.

## II.    <u>Standard of Review</u>

Upon designation, a magistrate judge may "conduct hearings, including

evidentiary hearings, and … submit to a judge of the court proposed findings of

fact and recommendations."[5] Once filed, this Report and Recommendation is

disseminated to the parties in the case who then have the opportunity to file written

objections.[6] When objections are timely filed, the district court must conduct a *de*

*novo* review of those portions of the report to which objections are made.[7].

Although the standard of review for objections is *de novo*, the extent of review lies

within the discretion of the district court, and the court may otherwise rely on the

recommendations of the magistrate judge to the extent it deems proper.[8]

For portions of the report and recommendation to which no objection is made,

the court should, as a matter of good practice, "satisfy itself that there is no clear

---

[2] ECF No. 21.
[3] ECF No. 22.
[4] ECF No. 23.
[5] 28 U.S.C. 636(b)(1)(B).
[6] 28 U.S.C. 636(b)(1).
[7] 28 U.S.C. 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011).
[8] *Rieder v. Apfel,* 115 F. Supp.2d 496, 499 (M.D.Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980).

error on the face of the record in order to accept the recommendation."[9] Regardless of whether timely objections are made by a party, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.[10]

The Court has reviewed the entirety of Magistrate Judge Cohn's Report and Recommendation and finds that it contains no clear error. Further, the Court has reviewed *de novo* those portions of the Report and Recommendation that have been objected to by the Plaintiff, and finds these objections to be without merit.

## III.   <u>Discussion</u>

Plaintiff objects to Magistrate Judge Cohn's Report and Recommendation on three grounds. First, Plaintiff asserts that Magistrate Judge Cohn erred in finding that the ALJ did not fail to seek medical records and develop the record. Second, Plaintiff asserts that Magistrate Judge Cohn erred in affirming the ALJ's failure to find that Plaintiff's obesity was a severe impairment. Third, Plaintiff asserts that Magistrate Judge Cohn erred in finding that the ALJ appropriately rejected the opinion of consultative examiner Dr. Muthiah.

---

[9] Fed.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa.2010)(*citing Henderson v. Carlson,* 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every report and recommendation)
[10] 28 U.S.C. § 636(b)(1); Local Rule 72.31

*A. Magistrate Judge Cohn did not err by finding that the ALJ properly developed the record.*

Plaintiff objects that the administrative law judge failed in his duty to fully develop the record. Plaintiff acknowledges that in order to prevail on this argument, he must prove that the errors alleged have caused prejudice to the Plaintiff. This, however, Plaintiff has failed to do. Plaintiff asserts that he had been "psychiatrically hospitalized several times in the year prior to the ALJ's decision," and that the ALJ was aware of three suicide attempts and the hospital at which Plaintiff was treated. Plaintiff proceeds to note that "[c]ertainly, evidence of suicide attempts would support a finding that Plaintiff's mental condition was more severe than the ALJ's decision concludes."[11] Plaintiff, however, never provided the records to the administrative law judge.

Plaintiff's argument also fails because while he asserts that the records regarding his psychiatric treatment would "certainly shed much light" on Plaintiff's suspected suicide attempt, he has failed to bring these documents before the Court for review. Because Plaintiff's counsel has neglected to substantiate this argument with copies of the records, I cannot identify any prejudice that has been caused by the omission of these documents. As the magistrate judge correctly

---

[11] ECF No. 22 p. 4.

stated, the Court is not required to accept Plaintiff's bare assertions as to what these records would show.

Magistrate Judge Cohn further noted that "[a]llowing a claimant to secure a remand for failing to develop the record without any showing of prejudice would allow a back door around the materiality requirement of a sentence six remand."[12] A sentence six remand requires that evidence be material, and materiality requires " a reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination."[13] Magistrate Judge Cohn reasoned that bare allegations regarding the content of the records were not sufficient for a finding of materiality. Plaintiff disputes Magistrate Judge Cohn's analysis, asserting that Plaintiff's *pro se* status before the administrative law judge, (Plaintiff now has counsel for this appeal), is a materially significant element. The Court disagrees that a plaintiff's status as a *pro se* litigant satisfies the materiality requirement.

Further, the Court notes Plaintiff's discussion of the timeframe in which Plaintiff's counsel was required to review the case record when preparing a brief before the Appeals Council. Plaintiff alluded to a short turnaround time which prevented counsel from more fully developing the record in the case at that time.[14] Be that as it may, the Plaintiff has still failed to explain why the documents have

---

[12] ECF No. 21 p. 27.
[13] Id.
[14] See ECF No. 22 p. 4 ("Plaintiff's attorney was only provided 25 days to review the file and submit argument to the Appeals Council. That 25 days was further limited by the delay in receiving the briefing opportunity from the Appeals Council.")

not been presented to the Court today. Without offering these documents to the Court, Plaintiff cannot show that he has been prejudiced by their absence. The Court disagrees with Plaintiff's conclusion that requiring production of medical records in order to establish that their absence resulted in prejudice "would defeat the beneficent purposes of the Act."[15]

*B. Magistrate Judge Cohn did not err by finding that the ALJ's failure to develop Plaintiff's obesity claim at step two was harmless error.*

Plaintiff alleges that because the administrative law judge was aware of records establishing that Plaintiff suffered from obesity, the administrative law judge should have helped Plaintiff advance consideration of this impairment by questioning him more closely at the hearing. Plaintiff further asserts that the ALJ erred by failing to develop the severity of Plaintiff's obesity claim at step two. Magistrate Judge Cohn correctly reasoned that this error was harmless because it did not affect the ultimate outcome of the case, and that "close scrutiny is only required when there is a denial of benefits at step two." Plaintiff objects to the fact that Magistrate Judge Cohn declined to apply close scrutiny at step two. While Magistrate Judge Cohn noted that "close scrutiny is only required when there is a

---

[15] ECF No. 22 p. 4.

denial of benefits at step two," Plaintiff asserts that close scrutiny is always required at step two.

Plaintiff cites to *Newell v. Commissioner of Social Security* and *McCrea v. Commissioner of Social Security* for the proposition that "any step two denial" requires close scrutiny.[16] However, the United States Court of Appeals for the Third Circuit explicitly states in *McCrea* that because the limited function of step-two is to dispose of groundless claims, "the Commissioner's determination to *deny an applicant's request for benefits at step two* should be reviewed with close scrutiny."[17] This statement supports Magistrate Judge Cohn's reasoning that close scrutiny is only required when benefits have been denied at step two, as opposed to each time a purported impairment was not fully developed.

In the present case, Magistrate Judge Cohn correctly reasoned that the ALJ's failure to explicitly address Plaintiff's obesity impairment was insufficient to require a remand. Magistrate Judge Cohn considered Plaintiff's allegations of error regarding the obesity impairment, namely, that it "tainted the ALJ's analysis at the subsequent steps of the sequential evaluation" and "may" cause more pain and limitation on a weight-bearing joint, as well as Plaintiff's testimony to pain and limitations in lifting, carrying, and standing.[18] In *Rutherford*, the Third Circuit

---

[16] ECF No. 22 p. 6.
[17] <u>McCrea v. Comm'r of Soc. Sec.</u>, 370 F.3d 357, 360 (3d Cir. 2004) (emphasis added).
[18] ECF No. 21 p. 38.

reasoned that the ALJ did not err in failing to explicitly consider the plaintiff's obesity where Plaintiff asserted that her weight more difficult for her to stand, walk, and manipulate her hands and fingers.[19]

In explaining *Rutherford*, the Third Circuit referred to a decision of the United States Court of Appeals for the Seventh Circuit, noting that the Seventh Circuit's analysis "might well have been written for this case."[20] The Seventh Circuit stated "any remand for explicit consideration of [Plaintiff's] obesity would not affect the outcome of this case," noting that "[Plaintiff] does not specify how his obesity further impaired his ability to work, but speculates merely that his weight makes it more difficult to stand and walk."[21] In *Rutherford*, the Third Circuit concluded that remand was not required because an explicit obesity analysis would not affect the outcome of the case, noting that the Plaintiff had not specified how obesity would affect the ALJ's analysis beyond an assertion that it makes it more difficult to stand, walk, and manipulate her hands and fingers.[22] The Third Circuit called this a "generalized response," insufficient to require a remand.[23]

Magistrate Judge Cohn correctly reasoned that the effects of plaintiff's obesity constituted a "generalized response" under *Rutherford*, and that a remand to

---

[19] <u>Rutherford v. Barnhart</u>, 399 F.3d 546, 553 (3d Cir. 2005)

[20] <u>Id.</u> at 552.
[21] <u>Id</u>. at 553 ((citing <u>Skarbek v. Barnhart</u>, 390 F.3d 500 (7th Cir. 2004) (per curiam)).
[22] <u>Id</u>.
[23] <u>Id</u>.

develop the obesity impairment would "not affect the outcome of the case."[24] Here,

Plaintiff's assertion that obesity "may" cause more pain and limitation on a weight-

bearing joint, and Plaintiff's testimony as to pain and limitations in lifting,

carrying, and standing, are insufficient to require remand for explicit discussion of

the obesity impairment.

Plaintiff responds in his objections by asserting that *Rutherford* is inapplicable

to the present case.[25] Plaintiff distinguishes his case from *Rutherford* by stating that

he was unrepresented before the administrative law judge, while the Plaintiff in

*Rutherford* was represented by counsel throughout the proceedings.[26] This Court

disagrees with Plaintiff's assertion that Magistrate Judge Cohn's reliance on

*Rutherford* is misplaced solely because of Plaintiff's previous *pro se* status.

*C. Magistrate Judge Cohn did not err by finding that ALJ properly credited Dr.*

*Hutz's non-treating opinion over Dr. Muthiah's non-treating opinion.*

Magistrate Judge Cohn properly reasoned that the administrative law judge

did not undertake lay reinterpretation of medical evidence when evaluating the

opinion of Dr. Muthiah, the consultative physical evaluator. Plaintiff objects to

Magistrate Judge Cohn's report and recommendation on the basis that "the ALJ

---

[24] Id.

[25] ECF No. 22 p. 6.

[26] Id.

impermissibly supplanted his own lay judgment for that of Dr. Muthiah."[27]

Plaintiff's assertion is incorrect. First, the administrative law judge did not fully

reject Dr. Muthiah's opinion, but instead afforded the opinion "moderate

weight."[28] Second, the ALJ provided legitimate reasons for rejecting the portion of

Dr. Muthiah's opinion that addressed Plaintiff's sitting limitations. The

administrative law judge reasoned that Dr. Muthiah's three hour sitting limitation

was unsupported by the physical evaluation findings of Dr. Hawks, Plaintiff's

primary care physician, as well as Dr. Muthiah's "own physical evaluation that

shows decreased range of motion with normal strength and a normal neurological

evaluation."[29]

　　　　Magistrate Judge Cohn correctly reasoned that when evaluating Dr.

Muthiah's opinion the administrative law judge did not impermissibly rely on his

own lay opinion, but instead relied on the opinion of Dr. Hutz, a medical

consultant for the disability determination service. Dr. Hutz opined that Dr.

Muthiah overly relied on subjective complaints rather than on objective findings

and that the subjective complaints were inconsistent with the treatment record.[30]

Magistrate Judge Cohn reasoned that "[t]he ALJ's explanation that Dr. Muthiah's

opinion was not supported by the examination findings or clinical findings by

---

[27] ECF No. 22 p. 8.
[28] ECF No. 11-2 p. 34.
[29] ECF No. 21 p. 40.
[30] ECF No. 21 p. 43.

treating providers is sufficiently specific to determine whether substantial evidence supports his assignment of weight to Dr. Muthiah's opinion," and correctly found that substantial evidence supported the ALJ's assignment of weight.[31]

IV.     <u>Conclusion</u>

In sum, the Report and Recommendation of Magistrate Judge Gerald B. Cohn will be adopted in full and the decision of the Commissioner correspondingly affirmed.

An appropriate Order follows.

BY THE COURT:

/s Matthew W. Brann
Matthew W. Brann
United States District Judge

---

[31] <u>Id</u>.